IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JUSTIN FORD, # 117377                                                               PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 2:17cv88-KS-MTP

HATTIESBURG POLICE DEPARTMENT,
LARRY ALLEN, OFFICER C. CRABTREE,
JOHN DOES, HATTIESBURG INTERNAL
AFFAIRS, and CITY OF HATTIESBURG                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Justin Ford is incarcerated with the Mississippi Department of Corrections, and his claims arise from an arrest. The Court has considered and liberally construed the pleadings. As set forth below, Defendants Hattiesburg Police Department, Hattiesburg Internal Affairs, and City of Hattiesburg are dismissed.

## BACKGROUND

Ford filed this action on June 6, 2017. He alleges that on October 24, 2014, he was a passenger in a vehicle that was stopped by Defendants Hattiesburg police officers Larry Allen and C. Crabtree. Ford claims he fled the scene, and both officers chased him—Allen in his patrol car and Crabtree on foot. According to Ford, Allen caught up to him, Ford surrendered, and "Officer Allen went in his right cargo pocket and pulled on a metal plate glove, put it on his right hand and struck [Plaintiff] . . . breaking [his] jaw." (Compl. at 5). Crabtree was approximately 100 yards away at the time.

Allegedly, when Officer Crabtree arrived, he placed Ford under arrest, and Officer Allen left. Ford maintains that Crabtree took him to the Forrest County Adult Detention Center, without any medical treatment. He claims that for twenty-two hours he could not eat because of

the pain and did not receive medical attention until the officers at the county jail made the Hattiesburg Police Department take Plaintiff to the hospital. Once there, he is said to have had his jaw wired shut.

Ford brings this Complaint under 42 U.S.C. § 1983, asserting claims under the Eighth Amendment for excessive force and a denial of medical treatment. Besides the two police officers, he sues the Hattiesburg Police Department and its Internal Affairs division and the City of Hattiesburg under a theory of *respondeat superior*.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Ford to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Among others, Ford sues the City of Hattiesburg, the Hattiesburg Police Department, and its Internal Affairs division (collectively, "the City") under § 1983, claiming excessive force and a denial of medical treatment. They are sued because, allegedly, Officer Allen used excessive force and both he and Officer Crabtree denied medical attention.

A municipality may be held liable under § 1983 when its official policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The policy or custom must cause the constitutional tort. *Id.* at 691. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* Thus, to state a claim against the City under § 1983, Ford must allege (1) the existence of a policymaker, and (2) an official policy or custom (3) which is the moving force behind a constitutional violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Ford does not allege the existence of any official City policy, custom, or practice, but he sues the City merely because it was the employer of the two officers who are alleged to have violated Ford's rights. This is insufficient to state a claim against the City, under § 1983. The Police Department, Internal Affairs, and the City will therefore be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the claims against Defendants Hattiesburg Police Department, Hattiesburg Internal Affairs, and City of Hattiesburg should be, and are hereby, **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief could be granted. The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 8 day of November, 2017.

UNITED STATES DISTRICT JUDGE

3