**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JUSTIN FORD, # 117377**                                                     **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 2:17CV88-KS-MTP**

**HATTIESBURG POLICE DEPARTMENT, et al.**                  **DEFENDANT(S)**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court *sua sponte* for consideration of dismissal. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice.

On or about January 26, 2018, the Clerk of Court attempted to mail Plaintiff a Report and Recommendation [30] and the envelope was returned as undeliverable and marked "return to sender." *See* Mail return [31]. On February 6, 2018, the Court entered an Order to Show Cause [33] directing the plaintiff to file a written statement on or before February 28, 2018, setting forth why this case should not be dismissed; or alternatively, if Plaintiff's address has changed, that Plaintiff confirm his present address.[1] This Order was also returned to the clerk stamped "Return to Sender," "Unable to Forward." [35]. On February 12, 2018, the District Judge then adopted the Report and Recommendation [30], which was also returned to the clerk as undeliverable and marked "RTS." *See* [34] [36]

The Plaintiff has not notified the Court of a change of address. He has been warned on at least seven occasions that failure to advise this Court of a change of address or otherwise comply with the Court's orders could result in a dismissal of this matter without further notice. *See* [3]

---

[1] The last address provided by the Plaintiff was: P-Pod, Cell-1, 55 Arena Drive, Hattiesburg, MS 39401.

1

[6] [12] [17] [19] [21] [33]. Plaintiff has not filed any pleadings or other communication with the Court since December 4, 2017. *See* [23].

A plaintiff – incarcerated or not – has an obligation to inform the court of any address changes: "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." Uniform Local Rule 11.1; *see also Wade v. Farmers Ins. Group*, 45 Fed. Appx. 323, at * 1 & n.12 (5th Cir. June 26, 2002) (on appeal of district court's denial of motion for reconsideration of dismissal for failure to prosecute, noting that "it is the responsibility of even incarcerated litigants to inform the court of a change of address"). As the Fifth Circuit has stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending action. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted by mail.

*Perkins v. King*, No. 84-3310, 759 F.2d 19 (Table), slip op. at 4 (5th Cir. Mar. 19, 1985)). Failure of a plaintiff to advise the court of a change of his address may result in dismissal. *Ainsworth v. Payne*, 2006 WL 2912571, at * 1 (S.D. Miss. Oct. 10, 2006) (citations omitted).

The court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of the Court that Plaintiff's Complaint [1] should be dismissed without prejudice.[2]

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 29th day of March, 2018.

s/ Michael T. Parker  
United States Magistrate Judge

---

[2] The Court also recommends Defendants' pending Motion to Dismiss [32] requesting dismissal with prejudice be denied as moot. Defendants' Motion is based entirely on one piece of mail being returned to the Clerk of Court. Dismissals are rarely appropriate on this basis and the Court generally allows a party some additional time to update his address. Now, after four months with no further communication with Plaintiff, the Court recommends dismissal after a prolonged period with no communication.

3